## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**Jerry Glenn Pope**                                                                        **Plaintiff**

**v.**                                   **No. 4:15CV00540 SWW-JTR**

**Carolyn W. Colvin, Acting Commissioner,**
**Social Security Administration**                                                **Defendant**

### Recommended Disposition

### Instructions

The following recommended disposition was prepared for U.S. District Judge Susan W. Wright.  A party to this dispute may file written objections to this recommendation.  An objection must be specific and state the factual and/or legal basis for the objection.  An objection to a factual finding must identify the finding and the evidence supporting the objection.  Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1]  The objecting party must serve the opposing party with a copy of an objection.  Failing to object within 14 days waives the right to appeal questions of fact.[2]  If no objections are filed, Judge Wright may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1]28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2]*Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Background**.  Jerry Glenn Pope seeks judicial review of the denial of his third application for social security disability benefits.[3]  Pope worked primarily as an over-the-road truck driver.[4]  He claims he has been disabled since Apri1 1, 2006, although he worked after that time.[5]  He based disability on high blood pressure, dizziness, ringing in the ears, hand numbness, and depression.[6]

**The Commissioner's decision**.  Pope's second application was denied on November 15, 2010.[7]  The denial would ordinarily foreclose consideration of an earlier time,[8] but the ALJ reopened the earlier applications to consider disability beginning April 1, 2006, likely because Pope's insured status expired on December

---

[3]SSA record at pp. 139 & 143 (applying May 19, 2012 and alleging disability beginning April 1, 2006), p. 149 (reflecting two prior applications alleging same onset date & p. 165 (showing last application was denied on Nov. 15, 2010).

[4]*Id*. at pp. 185 & 213.

[5]*Id*. at p. 169 (stopped working on Apr. 1, 2007), p. 170 (worked as truck driver from five months in 2009), p. 259 (reporting on Oct. 4, 2007 that he last worked 3 or 4 months ago but quit because someone cussed at him), and p. 313 (quit last job in 2009 due to stress).

[6]*Id*. at p. 169.

[7]*Id*. at p. 165.

[8]*Hulsey v. Astrue*, 622 F.3d 917, 924 (8th Cir. 2010) ("The law-of-the-case doctrine generally prevents relitigation of an issue previously resolved, and requires courts to adhere to decisions rendered in earlier proceedings. This doctrine applies to administrative agencies on remand.").

31, 2010.[9]  The ALJ identified  hypertension, depression, anxiety, and a breathing disorder as severe impairments.[10]  The ALJ determined Pope can do some unskilled medium work.[11]  The ALJ consulted a vocational expert, determined jobs exist that Pope could do, and denied the application.[12]

After the Appeals Council denied review,[13] the ALJ's decision became the Commissioner's final decision for the purpose of judicial review.[14]  Pope filed this case to challenge the decision.[15]  In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal

---

[9]SSA record at p. 169.  *See* 42 U.S.C. §§ 416(I), 423©.  "In order to receive disability insurance benefits, an applicant must establish that she was disabled before the expiration of her insured status."  *Pyland v. Apfel*, 149 F.3d 873, 877 (8th Cir. 1998).

[10]SSA record at p. 13.

[11]*Id*. at p. 15.

[12]*Id*. at p. 20.

[13]*Id*. at p. 1.

[14]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[15]Docket entry # 1.

error.[16]  This recommendation explains why the court should affirm the decision.

**Pope's allegations**.  Pope underwent a mental diagnostic exam for each of three applications.  He contends the ALJ did not consider the results of earlier exams.  He claims the vocational evidence is ambiguous about the effect of changing age categories since April 1, 2012.  He says his limitations prevent the jobs the vocational expert identified.  He maintains substantial evidence does not support the decision.[17]

**Applicable legal principles**.  For substantial evidence to exist, a reasonable mind must accept the evidence as adequate to show Pope can do some unskilled medium work.[18]  "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."[19]  The ALJ required work that doesn't involve respiratory irritants.  A reasonable mind will accept the evidence as adequate for the following reasons.

---

[16]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[17]Docket entry # 10.

[18]*Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990).

[19]20 C.F.R. §§ 404.1567(c) & 416.967(c).

**1. Medical evidence establishes no severe impairment**.  The claimant must prove disabling symptoms with medical evidence; subjective allegations are not enough.[20]  With the exception of two April 2012 visits to a primary care provider (PCP),[21] the medical evidence consisted of agency-generated medical evidence.

Pope underwent physical exams on September 28, 2010[22] and July 2, 2012.[23] Neither examiner identified physical limitation.  Pope underwent pulmonary function

---

[20]42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability…; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the pain or other symptoms alleged and which…would lead to a conclusion that the individual is under a disability"); 20 C.F.R. §§ 404.1508 & 416.908 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."); 20 C.F.R. §§ 404.1529 & 416.929 ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.").

[21]SSA record at p. 287 (Apr. 10, 2012: complaints of anxiety, dizziness, ear pain, nervousness, paranoia and dental pain) & p. 294 (Apr. 19, 2012: insect bites on legs).

[22]*Id*. at p. 264.

[23]*Id*. at p. 305.

testing on August 9, 2012.[24]  Testing established no significant breathing impairment.

PCP treatment notes documented hypertension.[25]  According to agency medical

experts, the medical evidence established no severe impairment.[26]  Pope's treatment

history and the medical evidence are in sharp conflict with the numerous physical

complaints alleged in agency pleadings and testimony.

    **2.  The ALJ accounted for mental impairment**.  Pope's primary argument

flows from the differences in the results of three mental diagnostic exams; the first

two exams reported more limitation than the third exam.[27]  Pope claims the ALJ

ignored the first two exams, but the following passage from the challenged decision

---

[24]*Id.* at p. 325 (indicating Pope declined to participate in part of test).

[25]*Id.* at p. 289.

[26]*Id.* at pp. 332, 357 & 377.

[27]*Id.* at pp. 257-62 (Oct. 4, 2007: extremely difficult to interview, very poor historian, cognition appears to fall within borderline range, alcohol may be an issue, needs neurological work-up, rule out alcohol as a factor, very poor social skills, impaired ability to communicate, would need a payee for benefits), pp. 270-74 (Nov. 9, 2010: IQ testing supported borderline intellectual range, suspect cognitive disorder, communicated in an intelligible manner, quite inarticulate about his symptoms, poor historian, would not be able to communicate effectively in a normal work or social setting, episodes of disorientation and memory loss would interfere with ability to cope with mental demands of work like tasks and to maintain concentration persistence and pace, can manage funds without assistance) & pp. 312-17 (July 2, 2012: report of cognitive deficits doesn't seem to indicate a severe disability, hasn't taken the medication prescribed by PCP in quite a while, moderate alcohol use, communicated in socially adequate manner, attended to and sustained concentration on exam tasks, adequate ability to sustain persistence, can manage his own funds).

evidences consideration of all three exams:

> The Administrative Law Judge acknowledges that earlier consultative psychological examinations performed by Drs. Toombs and Boyd … performed in conjunction with the claimant's earlier applications indicate that his mental impairments may be more limiting when compared to the findings reached by Dr. Faucett in July 2012.  However, the undersigned is persuaded that the conclusions reached by Dr. Faucett are accurate and reliable.  The claimant's description of his activities of daily living, as well as the results of Dr Faucett's evaluation, fail to support a finding that the claimant's cognitive functioning (or other adaptive functioning) are impaired to the degree that would prevent the performance of unskilled work.[28]

What Pope actually challenges is the ALJ's resolution of conflicting exams.  An ALJ must resolve conflicts in consultative exams in light of objective evidence, before determining a claimant's ability to work.[29]  This is what the ALJ did.  Pope cared for his disabled brother and elderly mother.  He stopped driving a truck because high blood pressure prevented him from passing the trucker's physical exam.[30]  He sought medical treatment twice in six years. According to agency mental health experts, Pope

---

[28]*Id.* at p. 21.

[29] *Dipple v. Astrue*, 601 F.3d 833, 836 (8th Cir. 2010) ("It was the ALJ's task to resolve the differences between these consultative evaluations in the light of the objective evidence."); *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians .…The ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole.").

[30]SSA record at pp. 61, 169 & 258.

could have done semi-skilled work before insured status expired.[31]

A reasonable mind will accept the evidence as adequate to support the decision because the ALJ required simple, routine, repetitive tasks involving: (1) simple, direct, concrete supervision; (2) low stress environment requiring few decisions; and (3) occasional interaction with the public, co-workers, and supervisors. These requirements address mental impairment.

**3. Vocational evidence supports the decision**.  A vocational expert classified Pope's past work as a truck driver as semi-skilled medium work.[32]  Because truck-driving exposes a driver to respiratory irritants, the ALJ determined Pope could not do past work.  The ALJ asked the vocational expert about available work for a person with Pope's limitations.  Pope claims the ALJ should have asked about a more limited range of work, but his argument relies on properly discounted allegations.

The vocational expert identified automobile porter and merchandise deliverer as available unskilled medium jobs.[33]  Pope says he can't do these jobs because the jobs may expose him to dust, but he has no severe respiratory impairment and he is a smoker.  The vocational expert confirmed that merchandise deliverer would not

---

[31]*Id*. at pp. 358 & 370.

[32]*Id*. at p. 66.

[33]*Id*. at p. 69.

expose Pope to respiratory irritants.[34]

Even if the identified jobs involve some exposure to respiratory irritants, the vocational expert identified surveillance monitor, maintenance service dispatcher and routing clerk as available unskilled sedentary jobs.[35]  These jobs do not implicate respiratory irritants.  If a claimant can do medium work, he can also do sedentary work.[36]  The available jobs show work existed that Pope could do, regardless of whether such work existed where he lived, whether a job vacancy existed, or whether he would have been hired if he applied for work.[37]  A reasonable mind will accept the vocational evidence as adequate to show work existed that Pope could do.  Contrary to Pope's suggestion, changing age categories acted in his favor.

**Conclusion and Recommended Disposition**.  Substantial evidence supports the ALJ's decision because a reasonable mind will accept the evidence as adequate to support the decision.  The ALJ made no legal error.  For these reasons, the Court recommends DENYING Pope's request for relief (*Doc. 2*) and AFFIRMING the Commissioner's decision.

---

[34]*Id*. at p. 72.

[35]*Id*. at pp. 69-70.

[36]20 C.F.R. §§ 404.1567(c) & 416.967(c).

[37]42 U.S.C. § 1382c(a)(3)(B) (defining disability under social security disability law).

Dated this 13th day of July, 2016.


UNITED STATES MAGISTRATE JUDGE